**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3855-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANGELA L. OTEY,

    Defendant-Appellant.

_____

> Submitted August 30, 2017 — Decided November 9, 2017
>
> Before Judges Alvarez and Gooden Brown.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 15-06-1030.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Alyssa Aiello, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    A grand jury indicted defendant for second-degree aggravated

assault, N.J.S.A. 2C:12-1(b)(1) (count one); third-degree

aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2) (count two); second-degree burglary, N.J.S.A. 2C:18-2 (count three); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count four); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count five). On October 26, 2015, defendant pled guilty to count three and admitted burglarizing the apartment of S.H., her ex-girlfriend, while armed with a box cutter. In exchange for the guilty plea, the State agreed to dismiss the remaining counts and to recommend sentencing in the third-degree range, see N.J.S.A. 2C:44-1(f)(2), specifically a five-year custodial sentence subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Under the terms of the plea agreement, defendant reserved the right to apply for sentencing into Drug Court and, if her application was rejected, to argue for a three-year custodial sentence.

Pursuant to N.J.S.A. 2C:35-14(a), defendant applied to Drug Court, but was rejected by the Drug Court prosecutor. Defendant appealed her rejection to the trial court, but her appeal was denied on January 14, 2016. Thereafter, defendant was sentenced to three years imprisonment, subject to an eighty-five percent period of parole ineligibility pursuant to NERA. Defendant now appeals her March 3, 2016 judgment of conviction, arguing the

court erred in denying her appeal from the prosecutor's rejection of her Drug Court application. We disagree and affirm.

After pleading guilty to second-degree burglary, defendant, then thirty-four years old, applied to Drug Court on October 26, 2015. Her application was reviewed as a Track 1 case. At the time, defendant had no prior history of indictable convictions. In conjunction with her application, defendant underwent a Treatment Assessment Services for the Courts (TASC) evaluation in order to determine her level of drug or alcohol dependency. The TASC evaluator found that defendant manifested symptoms of severe alcohol use disorder and severe heroin use disorder, and recommended a short-term residential inpatient program. However, the Drug Court prosecutor denied defendant's admission to Drug Court, citing the significant threat to the community posed by defendant's commission of a violent offense.

On January 14, 2016, the court considered defendant's appeal of the rejection. Initially, the court summarized the facts as follows:

> [O]n December [] 5th, 2014 the defendant broke into S.H.'s residence and assaulted A.D. with a box cutter knife. The defendant had previously been in a relationship with S.H. It appears that the defendant climbed the fire escape, entered the residence, then encountered A.D. . . . [I]t appears that the incident happened at around 3:30 a.m. A.D. was asleep, heard a noise, jumped up, the

defendant swung towards his face, cut his face, cut his arm with a box cutter. . . . A.D. said he didn't even realize that he was cut until . . . the lights [went] on[,] there was blood everywhere and the box cutter was in the defendant's right hand.  The defendant was also wearing blue latex gloves according to A.D.  After some issues[,] the defendant was finally pushed out the door by A.D. and it's my understanding that she also suffered an injury as a result of this encounter.

In evaluating the statutory criteria for Drug Court admission,[1] the court found that defendant met the requirements of

---

[1] Under N.J.S.A. 2C:35-14(a), to be eligible for admission into Drug Court, the sentencing court must find the following nine factors:

> (1)  the person has undergone a professional diagnostic assessment to determine whether and to what extent the person is drug or alcohol dependent and would benefit from treatment; and
> (2)  the person is a drug or alcohol dependent person within the meaning of [N.J.S.A. 2C:35-2] and was drug or alcohol dependent at the time of the commission of the present offense; and
> (3)  the present offense was committed while the person was under the influence of a controlled dangerous substance, controlled substance analog or alcohol or was committed to acquire property or monies in order to support the person's drug or alcohol dependency; and
> (4)  substance use disorders treatment and monitoring will serve to benefit the person by addressing the person's drug or alcohol dependency and will thereby reduce the likelihood that the person will thereafter commit another offense; and

N.J.S.A. 2C:35-14(a)(1) through (4) because "defendant does have a drug or alcohol dependence" based upon the findings of the TASC evaluator. Regarding N.J.S.A. 2C:35-14(a)(5) through (7), the court determined that there were "no disqualifying crimes or firearms history that would prevent the defendant from coming into

> (5) the person did not possess a firearm at the time of the present offense and did not possess a firearm at the time of any pending criminal charge; and
> (6) the person has not been previously convicted on two or more separate occasions of crimes of the first or second degree, other than those listed in paragraph (7); or the person has not been previously convicted on two or more separate occasions, where one of the offenses is a crime of the third degree, other than crimes defined in [N.J.S.A. 2C:35-10], and one of the offenses is a crime of the first or second degree; and
> (7) the person has not been previously convicted or adjudicated delinquent for, and does not have a pending charge of murder, aggravated manslaughter, manslaughter, kidnapping, aggravated assault, aggravated sexual assault or sexual assault, or a similar crime under the laws of any other state or the United States; and
> (8) a suitable treatment facility licensed and approved by the Division of Mental Health and Addiction Services in the Department of Human Services is able and has agreed to provide appropriate treatment services in accordance with the requirements of this section; and
> (9) no danger to the community will result from the person being placed on special probation pursuant to this section.

Drug Court statutorily[,]" and a "suitable treatment facility" was available to satisfy N.J.S.A. 2C:35-14(a)(8). However, in evaluating N.J.S.A. 2C:35-14(a)(9), the court was troubled by the violent nature of the offense as well as defendant's psychiatric history as recounted in the TASC evaluation and determined that "on balance, . . . the mental health concerns outweigh[ed] the substance abuse issues[,]" making Drug Court inappropriate for defendant. The court noted:

> The report indicates that the defendant has experienced psychological problems during the past 30 days including serious anxiety, tension, hallucinations, trouble understanding, concentrating or remembering. During her lifetime she has suffered serious depression, serious anxiety, hallucination where she sees things, hears things, trouble controlling her violent behavior, she had been court-mandated to attend anger management even before this incident occurred, thoughts of suicide and she has attempted suicide in the past. Indeed, she reported experiencing psychological or emotional problems 30 days within the past 30 days, so we have this very violent situation, we have that history of psychological problems.

The court acknowledged the hardship imprisonment would have on defendant, "especially in light of the fact that the defendant has a daughter who does rely upon her so heavily." However, the court denied defendant's appeal based upon "the violent nature of this crime," and "the significant mental health history." The court explained:

6

[A]lthough I commend the defendant for recognizing her need . . . for treatment to combat her substance abuse addiction[,] I cannot escape the conclusion that to permit her to participate in Drug Court would likely pose a danger to the community. Even if we were to take all the facts as set forth by the defendant, that this was an act of self[-]defense, it's 3:30 in the morning, undoubtedly somebody is going to be encountered. The defendant is wearing latex gloves, she has a box cutter in her hand. If she didn't encounter A.D.[,] she probably would have encountered S.H. and the likelihood of some serious injury was very, very high.[2] So although the plea might have been ultimately to a second[-]degree burglary[,] there was a significant element of violence involved. So again, it's a one time criminal record but it was a very violent offense nonetheless. The victim was very significantly injured and it was, as I said, a very violent offense and the Drug Court program is for the nonviolent offender[.]

This appeal followed.

On appeal, defendant raises the following argument for our consideration:

POINT I

THE DRUG COURT JUDGE ERRED IN DENYING [DEFENDANT'S] DRUG COURT APPEAL.

---

[2] Notably, although defendant had no prior indictable convictions, in the year prior, defendant had been convicted of simple assault in a domestic violence incident involving S.H. Defendant received a suspended jail sentence and was sentenced to a one-year probationary term conditioned upon undergoing anger management and having no contact with S.H.

"Drug Courts are specialized courts within the Superior Court that target drug-involved 'offenders who are most likely to benefit from treatment and do not pose a risk to public safety.'" State v. Meyer, 192 N.J. 421, 428-29 (2007) (citing Administrative Office of the Courts, Manual for Operation of Adult Drug Courts in New Jersey (July 2002)). There are two general ways to be admitted to drug court. See State v. Maurer, 438 N.J. Super. 402, 413 (App. Div. 2014). Defendants admitted to Drug Court who are subject to sentencing with a presumption of incarceration and who satisfy the nine separate factors embodied in N.J.S.A. 2C:35-14(a), are assigned to Track 1 and required to serve a period of "special probation" pursuant to N.J.S.A. 2C:35-14(a). Maurer, supra, 438 N.J. Super. at 413. Defendants with drug abuse problems who are not subject to a presumption of incarceration are assigned to Track 2 and are eligible for Drug Court under the general sentencing provisions of the Criminal Code pursuant to N.J.S.A. 2C:45-2. Maurer, supra, 438 N.J. Super. at 413 (citing State v. Clarke, 203 N.J. 166, 174-76 (2010)).

Under a prior version of the statute governing admission to Drug Court, "N.J.S.A. 2C:35-14(c) granted the prosecutor the right to object to an otherwise qualified defendant's entry into Drug Court and, absent a showing of 'gross and patent abuse of [the prosecutor's] discretion,' a court could not override that

objection and admit the defendant to Drug Court." Maurer, supra, 438 N.J. Super. at 414 (alteration in original). However, "[s]ubsection (c) was deleted in the 2012 amendments" to the Drug Court Statute, thus removing the prosecutor's objection as an impediment to the sentencing court's decision to sentence a defendant to special probation. Ibid. Therefore, it is clear that under the current statutory framework, it is the sentencing court, not the prosecutor, who makes the final determination regarding an applicant's eligibility for Drug Court. See Ibid. "By its action, the Legislature clearly evinced an intention to rely on a judge's discretion and ability to better determine admission without continuing the prosecutor's right to veto." Id. at 418. While the "'abuse of discretion' standard defies precise definition, it arises when a decision 'is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (citing Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F. 2d 1260, 1265 (7th Cir. 1985)).

Here, the court determined that, while defendant pled guilty to a qualifying offense for a Track 1 Drug Court application and satisfied most of the statutory criteria, defendant's admission into Drug Court posed a danger to the community based upon the

violent nature of the offense in conjunction with her mental health history. We discern no abuse of discretion in the court's decision. Defendant argues that "neither the nature of the offense nor [defendant's] mental health history support the conclusion that [defendant's] participation in drug court would pose a danger to the community[,]" particularly since the court's "finding was based entirely on [defendant's] self-reported psychiatric status contained in the TASC evaluation." Further, defendant asserts that the court "erred in finding that [defendant] presented a danger to the community based on the violent nature of the instant offense and the fact that [defendant] has had 'trouble controlling her violent behavior' in the past[.]" We disagree.

In determining whether to sentence a defendant to special probation,

> the court shall consider all relevant circumstances, and shall take judicial notice of any evidence, testimony or information adduced at the trial, plea hearing or other court proceedings, and shall also consider the presentence report and the results of the professional diagnostic assessment to determine whether and to what extent the person is drug or alcohol dependent and would benefit from treatment.
>
> [N.J.S.A. 2C:35-14(a).]

Here, the court's findings are supported by the "relevant circumstances" contained in the record.

10

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION